SALVATORE FUSARO, Appellant, v. FERRIGAN, INC., et al., Respondents. (Action No. 1.) NICHOLAS DI CLEMENTE, Appellant, v. FERRIGAN, INC., et al., Respondents. (Action No. 2.) RALPH SEIARUTO, Appellant, v. FERRIGAN, INC.

Respondent. (Action No. 3.) (Consolidated actions.) — In three actions, consolidated and tried together, to recover damages for personal injuries, the evidence shows that the plaintiffs' truck was parked so that part of it projected on to the right side of the paved portion of a public highway and that it was struck in the rear left corner by the defendants' truck, as a result of which plaintiffs were injured. Shortly theretofore the plaintiffs' truck, had been struck by a passenger automobile which came to rest partly on the left portion of the paved highway. The defendant driver testified that he could see the passenger car on the left but could not see the plaintiffs' truck on the right because it was obscured by shadows and because the sun shone directly into his eyes. At the trial the plaintiffs conceded that the evidence presented a question of fact as to the defendant driver's negligence. The trial justice submitted that question, and the question of contributory negligence of two of the plaintiffs, to the jury under a charge to which plaintiffs did not except. The jury found a verdict in favor of defendants. Plaintiffs appeal from the judgment entered thereon and from the order denying their motion to set the verdict aside and for a new trial. Judgment and order affirmed, with costs. No opinion. Adel, Acting P. J., MacCrate, Beldock and Murphy, JJ., concur; Wenzel, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: It was the claim of the defendant Hill, who was the operator of the truck owned by the defendant Ferrigan, Inc., that the reason his truck came into collision with the parked highway truck was that "Just as I hit that bend, why, the sun got in my eyes, and the glare from the sun blinded me." In order to accept this story the jury had to disregard entirely the photographic evidence in the case and the marks placed thereon by the defendant Hill. Plaintiffs' exhibits " 1 " and " 3 " particularly indicate that the arc around which the defendant's truck came was one of at least 45 degrees so that the sun was not always in the eyes of the driver. The markings on plaintiffs' exhibit " 1 " indicate the position of the sun and the spot where the defendant driver says it blinded him. What was within the focus of the camera lens would have been visible to the human eye, and the driver should have seen the highway truck long before the spot where he claims he was dazzled by the sun. His testimony (which constitutes the entire defense) that he never saw the highway truck before he came into contact with it is incredible as a matter of law.